```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**COAL RIVER MOUNTAIN WATCH,**

      Plaintiff,

v.                                              Civil Action No. 2:13-26251

**UNITED STATES DEPARTMENT OF THE INTERIOR** and
**SALLY JEWELL,** in her official capacity as
Secretary of the Interior, and
**OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT** and
**JOSEPH PIZARCHIK,** in his official capacity as
Director of the Office of Surface Mining
Reclamation and Enforcement,

      Defendants.

## MEMORANDUM OPINION & ORDER

Pending is the motion to dismiss without prejudice, filed by the plaintiff, Coal River Mountain Watch ("Coal River"), on April 24, 2014.

On October 21, 2013, Coal River filed two suits: one here, and one in the United States District Court for the District of Columbia ("D.C. Court"). Each case is basically the same, centering on a letter issued by the Office of Surface Mining Reclamation and Enforcement ("OSM") to the West Virginia Department of Environmental Protection ("WVDEP") on August 20, 2013. The letter, among other things, reversed a decision by the OSM Charleston Field Office. The Field Office found that

the WVDEP acted in an arbitrary and capricious manner and abused its discretion because the WVDEP did not justify why a mining permit was not automatically terminated.[1]  The permit is the Eagle II mining permit held by Marfork Coal Company for a mine located in Raleigh County, West Virginia.

The Surface Mining Control and Reclamation Act ("SMCRA") and the OSM regulations under that statute require mining operations to begin no later than three years after a permit issues.  30 U.S.C. § 1256(c) (2012); 30 C.F.R. § 773.19(e)(1) (2014).  According to the plaintiff, the mine subject to the Eagle II permit has not begun mining operations, but the permit was issued more than three years ago.  In the plaintiff's estimation, the WVDEP determined -- in line with a longstanding internal policy and its interpretation of the OSM regulation -- that it needed to notify Marfork Coal before terminating the permit.  According to the WVDEP, if the WVDEP fails to notify the mine of the impending termination, the permit is not terminated.  The plaintiff alleges the OSM letter at issue affirmed that the WVDEP was not arbitrary or capricious

---

[1] The Field Office issued a "ten-day notice" to the WVDEP.  The Field Office appears to have found that WVDEP's response to the ten-day notice was arbitrary, capricious, and an abuse of discretion.  The ten-day notice is used by OSM to investigate in situations where it has reason to believe that SMCRA has been violated by a state agency.  <u>See</u> 30 C.F.R. § 842.11 (b)(1) (2014).

2

in making such an interpretation of the regulations. In both this case and the D.C. Court case, the plaintiff believes the August 20, 2013 OSM letter to be a "de facto rule," the making of which violated the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (2012), because neither notice nor an opportunity to comment were provided by OSM to the general public.

Coal River filed cases in two courts because it was originally unsure of which court had jurisdiction. Title 30 U.S.C. § 1276(a)(1) provides that actions of OSM "promulgating national rules or regulations" are subject to judicial review in the D.C. Court, actions where OSM reviews a state SMCRA program are subject to judicial review in the federal court for the district where the capital of that state lies, and other OSM rulemaking is subject to judicial review in the federal court for the district where the mine is located. See National Mining Ass'n v. Kempthorne, 512 F.3d 702, 706-07 (D.C. Cir. 2008). In this case, the Southern District of West Virginia is the district encompassing the two latter options of § 1276(a)(1).

The defendants filed a motion to dismiss or stay in the D.C. Court on April 15, 2014, on the grounds that this court, not the D.C. Court, is the appropriate one to hear the dispute. Among other arguments regarding venue and jurisdiction in the D.C. Court, the defendants maintain that the letter is a

3

decision of agency adjudication, not rulemaking. Therefore, according to the defendants, § 1276 does not apply, and this court is the appropriate venue under 28 U.S.C. § 1391 for the review of agency adjudication under SMCRA, as it is most connected to the events at issue in the case. Mot. Stay Ex. A 15-17.

The court stayed this case at the parties' joint motion on April 21, 2014. The parties requested the stay because of the pending motion to dismiss or stay filed by the defendants in the D.C. Court. The parties desired to "avoid duplicative litigation and promote judicial efficiency," in seeking a stay until the D.C. Court decided the motion to dismiss or stay. Motion to Stay ¶ 5. This court granted the stay, directing the parties to file a report once the D.C. Court issued a decision.

On April 24, 2014, plaintiff filed a motion to dismiss, asserting it had discovered more information through the D.C. Court action:

> The agency [(OSM)] has referred to the 2013 letter in response to the National Wildlife Federation et al.'s [30 C.F.R.] § 733 petition to remove West Virginia's regulatory authority under SMCRA, and in connection with a similar dispute involving an expired mining permit in Alaska. Moreover, in [the D.C. Court] action, Defendants have filed a Motion to Dismiss in which they concede to using the challenged 2013 letter to evaluate another mining permit besides the Marfork Eagle No. 2 mine.

4

Mem. Supp. Mot. Dismiss 2. That new purported evidence convinces Coal River that the OSM letter was an act of national rulemaking, and therefore that the D.C. Court has exclusive jurisdiction under § 1276(a)(1). Accordingly, Coal River moved to dismiss the case in this court without prejudice, under Federal Rule of Civil Procedure 41(a)(2).[2]

The defendants initially collectively responded on May 8, 2014, arguing that dismissing the case would be inefficient should the D.C. Court decide that the case belongs in the Southern District of West Virginia, and that the defendants would be forced to reassert their motion to dismiss or stay in the D.C. Court as a motion to transfer.

On December 8, 2015, plaintiff and the defendants filed notices of decision and joint status reports. In the reports, the parties stated that the D.C. Court denied the federal defendants' motion to dismiss and that "the parties have since conferred and plan to file a joint proposed schedule for designating an administrative record and briefing cross-motions for summary judgment in the D.C. Court. Dec. 8, 2016 Notice of Decision and Joint Status Report at ¶ 8. In order to avoid duplicative litigation, the parties request that the court lift

---

[2] The plaintiff needs court approval to dismiss the case because an answer has been filed. See Fed.R.Civ.P. 41(a)(1-2).

5

the stay and grant plaintiff's motion to dismiss in favor of the ongoing litigation in the D.C. Court. Id. at ¶ 9.

"The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). Also:

> Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending. These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case. Courts generally agree, however, that the mere prospect of a second lawsuit is not sufficient prejudice to justify denying a motion for voluntary dismissal. Similarly, "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." Davis v. USX Group, 819 F.2d 1270, 1275 (4th Cir.1987).

White v. Equifax Credit Information Servs., Slip. Op., Civ. Action No. 1:12-6374, 2014 WL 1304321, at *1 (S.D.W. Va. Mar. 24, 2014), quoting Gross v. Spies, 1998 WL 8006, at *5 (4th Cir. Jan. 13, 1998).

Because the defendants now support plaintiff's motion to dismiss, the court finds that on the balance of the factors in this case, the case should be dismissed without prejudice.

For the reasons stated, it is ORDERED that the stay in this action be, and it hereby is, lifted.  It is further ORDERED that this action be, and it hereby is, dismissed without prejudice and stricken from the docket of the court.

The Clerk is directed to transmit a copy of this order to all counsel of record and any unrepresented parties.

ENTER: October 18, 2016

John T. Copenhaver, Jr.
United States District Judge

7